UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH E-MAIL ADDRESSES karim.mastergroup@gmail.com; rak.mgusa@gmail.com; rahim.mgusa@gmail.com; kmsadruddin@gmail.com; rak.tmd@gmail.com; and kms.mastergroup@gmail.com THAT ARE STORED AT PREMISES CONTROLLED BY SERVICE PROVIDER GOOGLE LLC | Case No. 1:18-mj-100  Filed Under Seal |

## APPLICATION FOR ORDER COMMANDING GOOLGE LLC NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF A SEARCH WARRANT

The United States of America, by and through the United States Attorney for the Eastern District of Tennessee, hereby requests that the Court order Google LLC not to notify any person (including the subscribers and customers of the account listed in the application, search warrant, and affidavit of the existence of the attached search warrant) until further order of the Court.

Google LLC is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached search warrant, which requires Google LLC to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached search warrant relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached warrant will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, or change patterns of behavior. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the warrant, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Google LLC not to disclose the existence or content of the attached Warrant, except that Google LLC may disclose the attached warrant to an attorney for Google LLC for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Executed on October 18, 2018.

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

By: *Steven S. Neff*
Steven S. Neff
Assistant United States Attorney
1110 Market Street, Suite 515
Chattanooga, Tennessee 37402
423-752-5140